UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60641-RAR

**ANGELA C. HART**, *et al.*,

    Plaintiffs,

v.

**NATIONAL SPECIALTY INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Remand [ECF No. 6] ("Motion"). Having considered the Motion, Defendant's Brief in Opposition [ECF No. 15], and the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 6] is **DENIED** for the reasons set forth below.

## BACKGROUND

This action arises from a homeowner's insurance contract between the parties. On May 17, 2020, Plaintiffs' home suffered substantial physical damage during a windstorm. Notice of Removal [ECF No. 1] at 7. When Plaintiffs filed a claim with Defendant to collect proceeds for the damages, Defendant refused to provide coverage. *Id.* Plaintiffs commenced this action asserting a breach of contract claim in the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, on December 15, 2020. *Id.* at 1. The Complaint does not plead a specific amount in damages but states only that the damages exceed $30,000—the jurisdictional minimum for the state court where it was filed. *See generally id.* at 6–10 (containing the original state court Complaint).

On February 3, 2021, Defendant served a Request for Admissions seeking information on Plaintiffs' claim for damages. *Id.* at 2. In their Response to Defendant's Request for Admissions, filed on March 3, 2021, Plaintiffs admitted to their Florida citizenship and to seeking an amount exceeding $75,000. *Id.* at 32. On March 23, 2021, Defendant filed a Notice of Removal to federal court, asserting subject matter jurisdiction based on Plaintiffs' admissions. Mot. [ECF No. 6] at 2. Plaintiffs are citizens of Florida, and Defendant is a Texas corporation with its principal place of business in Texas. Notice of Removal [ECF No. 1] at 2.

## LEGAL STANDARD

A defendant may remove a case from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441. Such cases include actions where the federal court has diversity jurisdiction under 28 U.S.C. section 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000.

As to the timeliness of removal, Congress has established a bifurcated removal regime whereby a state court defendant may remove a case to federal court at one—and, critical to this case, only one—of two procedurally distinct moments in time. If the initial pleading is removable on its face, 28 U.S.C. section 1446(b)(1) requires removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based." Otherwise, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). District courts in this Circuit construe the 30-day removal period prescribed by section 1446(b) to commence as soon as a defendant can ascertain intelligently that the action is removable. *Imperial Fund, I, LLC v. Orukotan*, No. 21-60162, 2021 WL 752577, at *2 (S.D. Fla. Feb. 25, 2021).

On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Because removal jurisdiction raises significant federalism concerns, this Circuit directs district courts to construe removal statutes strictly. Indeed, district courts should resolve all doubts regarding jurisdiction in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## ANALYSIS

As a threshold matter, this case satisfies the section 1332 requirements for federal subject matter jurisdiction. The parties agree that there is complete diversity and that the amount in controversy exceeds $75,000. *See* Mot. [ECF No. 6] at 4; Notice of Removal [ECF No. 1] at 3. Hence, the Court's analysis hinges on the timeliness of Defendant's otherwise proper removal.

Under section 1446(b)(1), Defendant had 30 days after receiving a copy of the initial pleading on December 15, 2020, to file its Notice of Removal—but only if the initial pleading was removable on its face. Plaintiffs' initial pleading states neither Plaintiffs' citizenship nor that the amount in controversy exceeds $75,000. *See generally* Notice of Removal [ECF No. 1] at 6–10 (original state court Complaint). Plaintiffs implicitly acknowledge this omission, arguing instead that because they had sent Defendant two documents—a Civil Remedy Notice and a Sworn Proof of Loss—stating an amount of $159,038.38 prior to commencing the action, Defendant "waived its right of removal by failing to file a Notice of Removal within thirty days after receiving Plaintiffs' initial pleading." Mot. [ECF No. 6] at 1, 4. These documents, say Plaintiffs, "clearly put [Defendant] on notice more than a month prior to being served with the initial complaint that the amount of controversy exceeded $75,000." *Id.* at 4. In other words, Plaintiffs contend that their initial pleading triggered section 1446(b)(1), but only because the pre-suit documents constituted "other paper" that triggered section 1446(b)(3).

Aside from impermissibly rewriting the statute by merging distinct provisions of section 1446, Plaintiffs' argument fails because pre-suit documents are not "other paper" under section 1446(b)(3). *Firtell v. USAA Cas. Ins. Co.*, No. 19-60945, 2019 WL 7708460, at *2 (S.D. Fla. Aug. 12, 2019). Though "other paper" is broadly defined and may include any formal or informal communication received by a defendant, the Court has held that documents a defendant receives *prior to the commencement of a suit* are not "other paper" under section 1446(b)(3). *Id.* Documents are "other paper" under section 1446(b)(3) only if the defendant receives them after receiving the initial pleading. *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013). This rule avoids the uncertainty and judicial inefficiency that would result from requiring courts to peer into what a defendant subjectively knew before the case even started. *Id.* The Court has no interest in imputing knowledge of pre-suit documents to defendants and thus finds these pre-suit documents concerning the amount in controversy immaterial as to the removability of this case.[1]

Alternatively, Plaintiffs invoke a letter their counsel sent to Defendant's counsel on January 18, 2021, issuing a $165,000 settlement demand. Mot. [ECF No. 6] at 4–5. They assert that if their initial pleading (coupled with the pre-suit documents) did not provide Defendant with sufficient knowledge to intelligently ascertain removability, then the letter certainly did so. *Id.* This argument also fails. The Court has recognized that a settlement demand letter may qualify as "other paper" for the purpose of opening the 30-day window of opportunity to remove a case to federal court. *Beauliere v. JetBlue Airways Corp.*, No. 20-60931, 2020 WL 6375170, at *2 (S.D. Fla. Oct. 29, 2020). However, the Court must analyze whether such a letter reflects mere puffing

---

[1] The Court also notes, without further analysis, the absurdity that would result if the Court allowed a document Defendant received more than a month before the initial pleading to trigger removability under section 1446(b)(3)—namely, that the 30-day limit would have expired before the case even began.

and posturing as opposed to reasonably communicating the value of the claim. *Id.* Here, Plaintiffs have provided the Court with no record indicating that the January 18, 2021 demand letter was accompanied by support for their $165,000 claim. *Accord id.* at *3 (requiring "specific evidence substantiating the . . . offer"). The letter also lacked any statement regarding Plaintiffs' citizenship, which further precluded Defendant from ascertaining intelligently that this action was removable.

The Court finds that neither Plaintiffs' initial pleading on December 15, 2020, nor their proffered letter from January 18, 2021, establishes federal subject matter jurisdiction on their face and that Plaintiffs improperly rely on pre-suit documents. The document triggering Defendant's 30 days to file a notice of removal was Plaintiffs' Response to Defendant's Request for Admissions, and Defendant properly removed during this period. The Court therefore rejects Plaintiffs' claims that Defendant's removal was untimely.

## **CONCLUSION**

Plaintiffs left Defendant in the dark on the issue of federal subject matter jurisdiction until March 3, 2021, when they admitted, at Defendant's request, that they are citizens of Florida and that the amount in controversy exceeds $75,000. Until Defendant received this "other paper," Defendant could not ascertain intelligently that this action was removable. Plaintiffs' late admissions opened Defendant's 30-day window of opportunity to remove this case under 28 U.S.C. section 1446(b)(3), and Defendant's Notice of Removal filed 20 days later was timely. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of August, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**